IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STACY HARRISON, # 221426, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 10-0566-KD-N |
| WALTER MYERS, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I. Amended Complaint. (Doc. 12).

The complaint before the Court is a court-ordered amended complaint (Doc. 12), which supersedes plaintiff's prior complaint (Doc. 1) and motions to amend the complaint (Docs. 4, 7). (Doc. 11). In the amended complaint plaintiff complains about three disciplinary convictions that he received, all of which relate to the possession of cell phones while he was incarcerated at J. O. Davis Correctional Facility. He claims his disciplinary convictions came about from malicious prosecution and a conspiracy. The

1

disciplinary reports for these convictions are found in plaintiff's prior filings (doc. 4 at 5-7; Id. at 13-15; doc. 7 at 4-5, 10), to which he refers in the present amended complaint. (Doc. 12 at 11). The disciplinary reports show that no good-time credits were lost. In fact, one disciplinary sentence noted that plaintiff does not earn good time credits. (Doc. 4 at 15). Plaintiff named as defendants Warden Walter Myers, Officer Stephen Lane, ASAI Michelle Boyington, Officer Andrea Moorer, Officer Marvin Boutwell, Officer David Kervin, Officer Phillip Etheridge, and Officer Justin Holden. (Doc. 12 at 5, 12-13).

  A. First Disciplinary Conviction.

On April 30, 2010, plaintiff alleges that he was written a disciplinary by defendant Andrea Moorer for conspiracy to commit a violation of institutional rules and regulations. (Doc. 12 at 4, 8-9). At the hearing conducted by defendant Stephen Lane, plaintiff called inmate Walter Surles, with whom defendant Moorer claimed plaintiff conspired. Inmate Surles testified that a cell phone was confiscated from his bed without him being present and that he was not charged by defendant Moorer with a rule violation. On the other hand, plaintiff relates that defendant Moorer testified that he wrote Surles a disciplinary. Thus, plaintiff claims defendant Moorer lied under oath. (Id. at 12). Plaintiff also questioned defendant Michelle Boyington who confirmed to defendant Moorer that the number in the cell phone, 205-841-3630, was a number that plaintiff had called several times from the institutional phone since February 2010 and was a number listed on plaintiff's institutional call list. Plaintiff asked her to provide phone records, which she said that she would email to defendant Lane, and he pointed out to defendant Lane that he

previously told defendant Lane that his calling list did not work and he had not called anyone from it. According to plaintiff, defendant Lane found him guilty without investigating or waiting for the email and sentenced him to the loss of phone and store privileges for fifteen days, the loss of visitation privileges for six months, and confinement to disciplinary segregation for ten days, with no loss of good time. (Doc. 4 at 7).

Plaintiff claims that defendant Lane was not an impartial hearing officer and that defendants Lane, Moorer, and Boyintgton conspired to deprive him of his due process rights under the Fourteenth Amendment. (Doc. 12 at 11-12). Plaintiff seeks $2,500 in damages and removal of the disciplinary conviction from his file.

B. Second Disciplinary Conviction.

On August 26, 2010, plaintiff alleges that he received a disciplinary for possession of contraband by defendant Marvin Boutwell. (Doc. 12 at 9). At the hearing conducted by defendant Justin Holden, defendant Boutwell "admitted to finding a cell phone on a bed frame which was occupied by plaintiff and another inmate." (Id.). Plaintiff maintains that when "contraband is not found on the person or [in] his prison box under lock and key, no one is charged [because] it was in a common area." (Id.). Plaintiff contends that in his first disciplinary inmate Surles was not charged because the phone was found in the common area – Surles' bed. Plaintiff further maintains that even though defendant Holden was aware of the common area, he neglected the evidence at the hearing and conspired with defendant Boutwell to violate plaintiff's right to an impartial hearing officer. Plaintiff was found guilty and was sentenced to the loss of

3

phone and store privileges for forty-five days, the loss of visitation privileges for six months,[1] and confinement to disciplinary segregation for forty-five days, with no loss of good time because plaintiff does not earn good time. (Doc. 4 at 15). Plaintiff alleges that his equal protect rights were violated because he was not treated the same as Surles was in his first disciplinary and that he was denied an impartial hearing officer. (Doc. 12 at 10). Plaintiff seeks $2,500 in damages and removal of the disciplinary from his file.

   C. Third Disciplinary Conviction.

On November 7, 2010, plaintiff was charged by Officer Eddie Mooney with possession of contraband. (Doc. 13 at 10-11). At the disciplinary hearing being conducted by defendant David Kervin, plaintiff asked Officer Mooney if he signed the disciplinary report, and Officer Mooney respond, "No." At the hearing plaintiff argued: "1) that Officer Mooney didn't sign the report as required by D.O.C. under Re[g.] 403[;] 2) that no incident report number was on the report[;] and 3) that it was served to him on the 11th day and Re[g.] 403 requires that it must be served in 10 calendar day[s]." (Id. at 11). Defendant Phillip Etheridge "admitted to defendant Kervin that he forged Officer Mooney['s] signature[.]" (Id.). Plaintiff's disciplinary sentence required confinement to disciplinary segregation for forty days, the loss of phone and store privileges for forty-five days,[2] and the loss of the visitation privileges for six months. (Doc. 7 at 5).

---

[1] The loss of phone and store privileges was reduced to twenty-one days by defendant Walter Myers. (Doc. 4 at 15).

[2] Defendant Walter Myers reduced the loss of store and phone privileges to fifteen days. (Doc. 7 at 5).

4

Plaintiff claims that he was denied an impartial hearing officer in that defendant Kervin "neglected evidence." (Doc. 12 at 11). Plaintiff further maintains that defendant Etheridge, defendant Kervin, and defendant Walter Myers, who approved the disciplinary,[3] "conspire[ed] with other defendant to deprive him of his rights." (Id.). Plaintiff seeks $2,500 in damages and the removal of this disciplinary from his file.

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the amended complaint (Doc. 12) under 28 U.S.C. § 1915(e)(2)(B).[4] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim

---

[3] The disciplinary reports reflect that defendant Myers approved all three disciplinaries.

[4] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (third brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Discussion.

    A. Failure to Establish a Liberty Interest.

        1. Confinement to Disciplinary Segregation.

Plaintiff is challenging three disciplinaries that did not result in the loss of good-time credits. His disciplinary sentences required his confinement to disciplinary segregation for ten, twenty-one, and forty-five days, and each disciplinary sentence mandated the loss of phone and store privileges for twenty-one days or less and the loss of visitation privileges for six months. (Doc. 12).

Since the decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), an inmate must demonstrate a "grievous loss" in order for a liberty interest to be found so that due process attaches in a disciplinary proceeding. See Wilkinson v. Austin, 545 U.S. 209, 220, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."); U.S. CONST. amend. XIV § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]")

In Sandin, supra, when an inmate challenged his thirty-day segregation sentence based on a due process violation, the Supreme Court was unable to find a right inherent in the Due Process Clause not to be placed in disciplinary segregation or a liberty interest created by the state to be free from disciplinary segregation. Id. at 487, 115 S.Ct. at 2302. In concluding that no liberty interest was implicated by placement in disciplinary segregation, and thus no due process was required, the Court stated its holding was a return to the due process principles of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d

451 (1976), that required an inmate suffer a "grievous loss" before a liberty interest could be found. Sandin, 515 U.S. at 478-83, 115 S.Ct. at 2297-2300 (recognizing that the good-time credits were a state-created liberty interest and their deprivation would be a "grievous loss"). The Sandin Court ruled that in the future liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, (citations omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 480, 484, 115 S.Ct. at 2298, 2300. The Court concluded confinement to disciplinary segregation was not a dramatic departure from the ordinary conditions of incarceration, was the type of discipline a prisoner should expect as an incident to his criminal sentence, and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485-86, 115 S.Ct. at 2301.

In the present action, plaintiff's confinement to disciplinary segregation for ten, twenty-one, and forty-five days did not deprive plaintiff of a liberty interest inherent in the Constitution. Similarly, there is no state-created liberty interest present because plaintiff's allegations are void of information on which a liberty interest could be found. Thus, plaintiff's segregation confinement did not deprive him of a state-created liberty interest to which due process could attach. Accordingly, plaintiff has failed to state a claim upon which can be granted in regard to his short-term confinement to disciplinary segregation. Compare Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir.) (finding that twelve months of solitary confinement represent[s] substantially more atypical and

significant hardship[s] . . . in relation to the ordinary incidents of prison life, [and] we assume that [a prisoner suffering such] a liberty deprivation [is] entitled to due process), cert. denied, 519 U.S. 952 (1996), with Sandin, 515 U.S. at 475, 487, 115 S.Ct. at 2296, 2302 (finding a thirty-day disciplinary sentence did not violate the Constitution or impinge upon a state-created liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest).

2. Loss of Phone, Store, and Visitation Privileges.

Turning to the portion of plaintiff's three disciplinary sentences mandating the loss of phone and store privileges for twenty-one days or less and the loss of visitation privileges for six months, no liberty interest, either under the Constitution or by the State's creation to which due process attaches, is presented. The Court finds that the Constitution does not grant an inmate a right in visitation, store, and telephone privileges. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (finding no loss of liberty or property when prisoner received as part of his disciplinary punishment a two-week loss of commissary privileges); Walker v. Loman, CA No. 2:06-00986-WKW, 2006 WL 3327663, at *1 & *3 (M.D. Ala. Nov. 15, 2006) (unpublished) (holding the 90-day loss of store, telephone and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not

result in the deprivation of a liberty interest).[5] Moreover, the Alabama courts have determined a prisoner does not have a state-created liberty interest in store, telephone and visitation privileges. Dumas v. State, 675 So.2d 87, 88 (Ala. Crim. App. 1995).

An inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life. Sandin, 515 U.S. at 485, 115 S.Ct. at 2301. And the further restriction of these privileges for a short period of time is a less severe punishment than confinement to disciplinary segregation. Such a restriction is not "atypical," nor is it a "significant hardship" under the Sandin analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence. See Id. at 475, 485, 115 S.Ct. at 2296, 2301. Thus, plaintiff does not have a liberty interest in phone, store, and visitation privileges to which due process could attach.

        3. Due Process Violations.

Plaintiff has challenged defendants' actions claiming the hearing officers were not impartial, he was served on the eleventh day with the disciplinary charge, and the arresting officer did not sign the disciplinary report. These challenges are in the nature of due process challenges. But because the amended complaint does not contain a liberty interest, plaintiff is not entitled to due process. After the decision in Sandin, when no liberty interest is established, technical violations, such as plaintiff has mentioned, are no

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

longer addressed because due process is no longer required.[6] See McKeithan v. Jones, 212 F. App'x 129, 130 (3d Cir. 2007) (finding that the Court could not address the plaintiff's challenges to factual conclusions by the hearing officer because under Sandin a protected interest was not violated); Hartley v. McNeil, CA No. 5:07-101-RS-EMT, 2008 WL 1844416, at *3 (N.D. Fla. Apr. 23, 2008) (unpublished) (holding that because the plaintiff did not have a liberty interest under Sandin, supra, the due process protections offered by Wolff , supra, did not apply).

Accordingly, based on these three disciplinary convictions, plaintiff has failed to state a due process claim upon which relief can be granted .

B. Malicious Prosecution Claim.

Plaintiff also claims that his three disciplinaries were the result of malicious prosecution and conspiracies, and that one disciplinary violated his equal protection rights. In order to state a claim for malicious prosecution, plaintiff is required to show that his disciplinaries have been invalidated. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (finding that a prisoner's § 1983 claim for malicious prosecution was without merit because his claim that the hearing officer was biased and deceitful in the disciplinary, where he lost good-time credits, would have undermined the disciplinary conviction, and he had not shown that his disciplinary conviction had been previously invalidated); see also Heck v. Humphrey, 512 U.S. 477, 484, 489, 114 S.Ct.

---

[6] In passing, the Court notes that some of these alleged violations may not be of a constitutional nature but are merely a violation of a regulation or state law.

2364, 2371, 2373, 129 L.Ed.2d 383 (1994) (like a common-law claim for malicious prosecution that requires the accused prove the termination of criminal proceedings in his favor, a § 1983 claim for malicious prosecution also requires as an essential element that the plaintiff prove the termination of criminal proceedings in his favor or a § 1983 cause of action does not exist). In the absence of information showing that plaintiff's three disciplinaries have been invalidated, his claims for malicious prosecution fail to state a claim upon which relief can be granted and thereby warrant no further discussion.

    C. <u>Conspiracy Claim</u>.

In addition plaintiff complains that all of three of his disciplinaries were the result of the officers involved in each disciplinary proceeding conspiring. Plaintiff simply asserts that there was a conspiracy without providing any other information. However, in order to state a § 1983 conspiracy claim, "a plaintiff must show among other things, that the defendants 'reached an understanding to violate [his] rights.'" <u>Rowe v. Fort Lauderdale</u>, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation omitted) (brackets in original). In addition to pleading facts to show that an understanding was reached, an "underlying actual denial of [his] constitutional rights" must be shown. <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1332 (11th Cir. 2008) (brackets in original).

Plaintiff, however, did not allege any facts to show that an agreement was reached to violate his constitutional rights, nor has there been a showing of an actual denial of a constitutional right. The only information about a conspiracy is plaintiff's simple assertion of defendants' conspiring. Whereas, this allegation of a conspiracy is not a fact but rather is merely a conclusory allegation by plaintiff. While the Court can take as true

the complaint's factual allegations, it cannot do so for a legal conclusion couched as a factual allegation. Iqbal, 129 S.Ct. at 1949-50.

To avoid dismissal for failure to state a claim upon which relief can be granted, a claim must be plausible. "A claim has facial plausibility when the factual allegations "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (brackets in original). Here, there is no information on which to find that plaintiff's conspiracy allegation is plausible. Plaintiff has simply asserted a conclusory claim of conspiracy that fails to state a claim upon which relief can be granted. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted).

　　　D. Equal Protection Claim.

Plaintiff claims his equal protection rights were violated in the second disciplinary proceeding. (Doc. 12 at 9). In order for a prisoner to state an equal protection claim, he must establish: "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting Damiano v. Florida. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)). In the present action, plaintiff has not identified a constitutionally protected reason for which he received unequal treatment. For this reason alone, plaintiff's equal protection claim fails to state a claim upon which relief can be granted.

E. <u>Application of 42 U.S.C. § 1997e(e)</u>.

In the alternative, plaintiff's damages claims based on his three disciplinaries are barred by 42 U.S.C. § 1997e(e) and are due to dismissed. Section 1997e(e), which is entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997e(e). This section prevents the recovery of compensatory and punitive damages by an inmate when no physical injury is alleged. <u>Al-Amin v. Smith</u>, 637 F.3d 1192, 1195-99 (11th Cir. 2011). Nominal damages, however, may be recoverable. Id. at 1198.

In the present action, plaintiff has requested damages in the amount of $2,500.00 for each disciplinary. No physical injury is alleged in regard to plaintiff's claims. Therefore, he is not entitled to compensatory or punitive damages. Although nominal damages may be available, plaintiff's request of $2,500 is not a request for nominal damages. In re Bayside Prison Litigation, CA 09-2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"). "Nominal damages, as the term implies, are in name only and customarily are defined as a mere token or 'trifling.'" <u>Cummings v. Connell</u>, 402 F.3d 936, 943 (9th Cir. 2005) (*citing* <u>Carey v. Piphus</u>, 435 U.S. 247, 267, 98 S.Ct. 1042,1054, 55 L.Ed.2d 252 (1978)). And plaintiff's request of $2,500.00 is not a mere token.

Thus, plaintiff's general request of $2,500.00 is in the nature of a request for compensatory or punitive damages to which he is not entitled in absence of a physical

14

injury. Because plaintiff did not suffer a physical injury connected to his claims, this action for damages is without merit and is subject to dismissal under 42 U.S.C. § 1997e(e) for failure to state a claim upon which relief can be granted.

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 13th day of July, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).