IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STACY HARRISON,            )
                           )
    Plaintiff,             )
                           )
v.                         )      CIVIL ACTION NO. 10-00566-KD-N
                           )
WALTER MYERS, et al.,      )
                           )
    Defendants.            )

REPORT AND RECOMMENDATION

Plaintiff, an inmate at J. O. Davis Correctional Facility proceeding pro se, has filed a motion (doc. 15) for an injunction directing the Alabama Department of Corrections ("ALDOC") to make the funds in his prison account available to him. According to the plaintiff, ALDOC "has frozen the plaintiff['s] PMOD account totally [giving him] no access to his funds to purchase of paper, hygiene, etc." Plaintiff refers to this Court's Order directing ALDOC to pay a portion of the remaining amount due for plaintiff's filing fee "each time Plaintiff's account exceeds $10.00." (Doc. 3)[1]. This

---

[1] Although plaintiff contends this order was entered in December of 2010, it was actually entered on October 14, 2010, and states, in pertinent part:

> Pursuant to 28 U.S.C. ' 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action. Plaintiff's motion indicates that a partial filing fee must be paid by Plaintiff before this action proceeds further. 28 U.S.C. ' 1915(b)(1). Plaintiff is obligated to pay the remainder of the $350.00 filing fee in monthly payments of 20% of the preceding month's income credited to his prisoner account. 28 U.S.C. ' 1915(b)(2). These payments shall be forwarded to the Clerk of the United States District Court for the Southern District of Alabama each time the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid in full. Id. Plaintiff is obligated to pay the $350.00 filing fee even if this action is dismissed on the ground that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a

(Continued)

action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon consideration of the motion and all other pertinent portions of the record, it is recommended that plaintiff's motion for an injunction be **DENIED**.

In this action, plaintiff's complaint (doc. 1) as amended (doc. 12) concerns three disciplinary convictions plaintiff received, all of which relate to the possession of cell phones while he was incarcerated. On July 13, 2011, the undersigned entered a Report and Recommendation (doc. 13) that "this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. ' 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted." (Doc. 13 at 15)[2]. Under the circumstances, there exists no grounds to permit the assertion at this juncture of a claim regarding plaintiff's alleged lack of access to the funds in his prison account. *See e.g.* Courtney v. Prison Health Services, 2011 WL 1527971, *1 (E.D. Mich. April 22, 2011)(Injunction denied because plaintiff "has not demonstrated a strong likelihood of success on the merits, as required in order to obtain an injunction."); *see also* Taylor v. Jones, 225 Fed.Appx. 296 (5th Cir. 2007)(District Court's denial of an injunction upheld in view of pro se inmate's failure to establish a substantial likelihood of success on the merits of his claims).

---

        defendant who is immune from such relief. 28 U.S.C. '' 1915(e)(2)(B) and 1915A(b).

(Doc. 3 at 1).

[2] Plaintiff has filed an objection (doc. 14) to the Report and Recommendation, which has been referred to the District Judge.

CONCLUSION

For the reasons stated above, it is recommended that plaintiff's motion for an injunction be **DENIED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 25th day of July, 2011.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  25th  day of July, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).